IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| | |
|---|---|
| IN RE: DARLAKAY J. BOSSLER ) | |
| **Debtor(s)** ) | CHAPTER 13 |
| ) | |
| AMERICAN HONDA FINANCE ) | CASE NO. 16-16166 (REF) |
| CORPORATION ) | |
| **Moving Party** ) | HEARING DATE: **7-20-17 at 9:30 AM** |
| ) | |
| v. ) | 11 U.S.C. 362 |
| DARLAKAY J. BOSSLER ) | |
| MELINDA STACY JOHNSON ) | |
| **Respondent(s)** ) | |
| ) | |
| FREDERICK L. REIGLE ) | |
| **Trustee** ) | |
| ) | |
| ) | |

### STIPULATION OF SETTLEMENT OF MOTION OF AMERICAN HONDA FINANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay And Co-Debtor Stay by William E. Craig, Esquire, attorney for American Honda Finance Corporation, and the Debtor through her counsel, Paul H. Herbein, Esquire, and the co-debtor through her counsel, Brenna Hope Mendelsohn, Esquire and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That American Honda Finance Corporation ("Honda") is the holder of a first purchase money security interest in a 2012 Honda Accord bearing vehicle identification number 1HGCP2F80CA070048.

2. That the automatic stay and the co-debtor stay as to the co-debtor Melinda Johnson are vacated for the sole purpose of allowing Honda to apply payoff proceeds to the debtor's account and taking the necessary steps to release title to the vehicle per the terms below.

3. That Honda shall accept payment of $4,500.00 in certified funds in full satisfaction of the loan and in exchange for release of the title to the vehicle free and clear of the lien.

4. That if any payment submitted to Honda is returned for non-sufficient funds, or payment is stopped on any check submitted, the automatic stay and co-debtor stay shall lift, and Honda shall be free to pursue its rights to the extent and in the manner provided by any applicable contract documents and bankruptcy and non-bankruptcy law.

5. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Paul H. Herbein
Paul H. Herbein, Esquire
Attorney for the Debtor


/s/ Brenna Hope Mendelsohn
Brenna Hope Mendelsohn, Esquire
Attorney for the co-debtor


/s/ William E. Craig
William E. Craig, Esquire
Attorney for American Honda Finance Corporation


/s/ Lisa M. Ciotti
Lisa M. Ciotti
For Frederick L. Reigle
Chapter 13 Trustee